IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL RAMIREZ ESCOBAR, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 3:26-cv-981 |
| TODD M. LYONS, *et al.*, | ) | Judge Stephanie L. Haines |
| Respondents. | ) | |

**MEMORANDUM OPINION**

On May 26, 2026, Petitioner Raul Ramirez Escobar ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241. ECF No. 1.[1] Respondents filed their response in opposition on June 22, 2026. ECF No. 7. The Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 1.

## I. Facts[2]

Petitioner is a native of El Salvador who entered the United States without inspection over twenty years ago. ECF No. 1, p. 4; ECF No. 7, p. 1. Over the past two decades, he has been arrested and convicted of various offenses, including drug possession, false identity, and assault/battery. ECF No. 7, p. 4-6. On February 28, 2017, an immigration judge granted Petitioner deferral of removal under the Convention Against Torture ("CAT"), which prohibited his deportation to El

[1] Petitioner also filed an Emergency Motion for Temporary Restraining Order on May 26, 2026. ECF No. 2. The Court denied this Motion in a separate order on May 27, 2026. ECF No. 3.

[2] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

Salvador, and he was then released on an order of supervision. ECF No. 1, p. 5; ECF No. 7, p. 3. On or around November 12, 2025, Petitioner was detained again by immigration officials and has remained in detention since that date. ECF No. 1, p. 4; ECF No. 7, p. 4.

On November 14, 2025, "ICE issued a Notice of Removal wherein Petitioner was informed of the intent to remove him to Mexico – a third country removal." ECF No. 7, p. 7. After two reasonable fear interviews with Petitioner, "ICE determined that Petitioner did not establish that it is more likely than not that he would be persecuted or tortured in Mexico[,]" and they attempted to remove Petitioner to Mexico on or around May 29, 2026. *Id.* at 8. Upon reaching the port of entry, however, Petitioner "refused to get off the bus" and was then returned to immigration detention. *Id.*[3]

## II. Parties' Allegations & Relief Requested

In his petition, Petitioner contends that his reasonable fear interviews were "incomplete and fundamentally unreliable" due to lack of counsel and legal knowledge, and thus, he was "not provided a meaningful opportunity to fully explain his fear of harm in Mexico." ECF No. 1, p. 6-7.[4] Petitioner asserts that, by relying on these interviews, Respondents have violated the Due Process Clause of the Fifth Amendment, federal immigration statutes and regulations, and his right to CAT protection. *Id.* at 7-9. As relief, Petitioner requests that this Court "[i]mmediately stay

[3] The Court also notes that this is Petitioner's second habeas petition in this circuit. On April 27, 2026, Judge Keli M. Neary of the Middle District dismissed Petitioner's first habeas petition because it was premature. ECF No. 1-2.

[4] In particular, Petitioner alleges that he has a fear of "severe harm in Mexico because of his former involvement with MS-13 and because criminal organizations in Mexico target deportees and former gang members[;]" a fear of "retaliation from gangs, rival criminal groups, cartels, corrupt officials, and others who may identify him as a former gang member[;]" a fear that his "tattoos, history, and background increase the likelihood that he will be targeted for violence, extortion, kidnapping, torture, or death;" and a fear that MS-13 members who relocated to Mexico will find him there. ECF No. 1, p. 5.

Petitioner's removal to Mexico; [e]nter a temporary restraining order prohibiting Respondents from removing Petitioner during the pendency of this action; [o]rder Respondents to provide constitutionally adequate procedures regarding Petitioner's fear claims; [g]rant the petition for writ of habeas corpus; [d]eclare Respondents' actions unlawful; [a]ward reasonable attorneys' fees and costs where permitted; and [g]rant such other relief as the Court deems just and proper." *Id.* at 9.

In turn, Respondents assert that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner has failed to demonstrate that he will not be removed within the reasonably foreseeable future due to his lack of evidence and his refusal to cooperate with removal efforts. ECF No. 7, p. 9-11. They also contend that the Court lacks jurisdiction because "Petitioner's claim that he was not provided with ample opportunity to explain his fear during the fear interviews is directly intertwined with the removal process itself[.]" *Id.* at 12.

**III. Discussion**

In *Zadvydas,* the Supreme Court established that a 6-month period of post-removal detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "This 6-month presumption, of course, does not mean that every [noncitizen] not removed must be released after six months." *Id.* at 701. Rather, to obtain release after six months, the noncitizen bears the initial burden to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Although 'good reason' is not defined by the Supreme Court in *Zadvydas*, courts have since interpreted 'good reason' to include providing evidence to substantiate why removal is unlikely. *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) (stating that the noncitizen did not show good reason where he failed to produce any documentary evidence); *Roe v. Oddo,* No. 3:25-CV-128, 2025 WL 1892445, at *6 (W.D. Pa. July 9, 2025)

(same). If the noncitizen makes that showing, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And as the period of post-removal detention grows, what counts as the "'reasonably foreseeable future' conversely…shrink[s]." *Id.*

Here, both parties agree that Petitioner has been detained for more than six months. *See* ECF No. 1, p. 4; ECF No. 7, p. 4. Yet Petitioner fails to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Rather, he only broadly alleges a fear of removal to Mexico and states that he was granted deferral of removal to El Salvador, but this is not enough to shift the burden to Respondents. Despite being afforded an opportunity to respond to the response (*see* ECF No. 4) and being notified that *Zadvydas* is the standard within this Circuit by Judge Neary in the Middle District (ECF No. 1-2), Petitioner does not mention *Zadvydas* anywhere in his entire petition, nor does he address the unlikelihood of removal to Mexico in the reasonably foreseeable future. *See generally* ECF No. 1. Thus, based upon this lack of evidence under *Zadvydas*, the Court will decline to order Petitioner's release at this time.

Further, the Court lacks jurisdiction over Petitioner's remaining claims. 8 U.S.C. § 1252(a)(5) and (b)(9) strip federal district courts of jurisdiction over all claims arising from any action taken or proceeding brought to remove any noncitizen, so judicial review of a final removal order is available only in the appropriate court of appeals. *See E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 180 (3d Cir. 2020). Consequently, the Third Circuit has found that, when a noncitizen: (1) has a final order of removal, (2) that final order of removal did not designate an alternate country of removal, (3) that noncitizen is slated for removal to a third country, and (4) the noncitizen has objections to the third country, the noncitizen's challenge to

removal to the third country is encompassed within the final removal order and is thus not reviewable by a district court. *See Odiase v. Oddo*, No. 3:25-CV-206, 2025 WL 2673938 (W.D. Pa. Sep. 18, 2025) (citing *Tonfack v. AG United States*, 580 F. App'x 79 (3d Cir. 2014)). As such, because Petitioner's issues with his removal to Mexico are encompassed within his final removal order, the Court concludes that it lacks jurisdiction to address any alleged procedural defects. *See Khalil,* 164 F.4th at 277 ("To be sure, some claims can be detention-specific, like the length- and conditions-of-confinement claims discussed in *E.O.H.C.* 950 F.3d at 186. But Khalil's claim is not one of them: it just repackages his challenges to his removal…Khalil cannot plead around § 1252(b)(9) by calling his challenge to removal a challenge to his detention.").

## IV. Conclusion

Therefore, for the reasons set forth herein, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 1. An appropriate Order follows.

## ORDER

**AND NOW**, this 4th day of September 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition (ECF No. 1) is **DENIED.**
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge